


CHAMBERS OF
DENISE COTE

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JOHANA V. CASTRO
Assistant Corporation Counsel
phone: (212) 788-0976
fax: (212) 788-9776
email: jcastro@law.nyc.gov

**MEMO ENDORSED**

May 14, 2008

**BY HAND**
Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/08
```

     Re:   John Ng v. City of New York, et al.,
            08 CV 2045 (DLC)

Dear Judge Cote:

       I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the above-referenced case. I write to respectfully request a sixty-day enlargement of time, from May 14, 2008 to July 14, 2008, within which the City may answer or otherwise respond to the complaint. The undersigned writes without the consent of plaintiff's counsel, Thomas Gambino, Esq., who would only consent to the enlargement of time provided that defendants waive jurisdictional defenses, which defendants respectfully submit they are not prepared to do. This is defendants' first request for an enlargement of time in this action.

       The complaint alleges, inter alia, that plaintiff Jon Ng was falsely arrested, imprisoned, subjected to excessive force and maliciously prosecuted. In addition to the City of New York, plaintiff purports to name the New York City Health and Hospitals Corporation, Harlem Hospital Center and Detective Alexander Brown, Shield #3009 as defendants.[1] Before this office can

---

[1] Without appearing on their behalf or making any representations with respect to service, I also respectfully request that the New York City Health and Hospitals Corporation, Harlem Hospital Center and Detective Alexander Brown's time to answer or otherwise respond to the complaint also be extended until July 14, 2008.

adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. To this end, we will need to obtain releases from plaintiff to access the underlying arrest and criminal court records regarding this action. The enlargement of time will therefore afford us the opportunity to investigate the matter.

Moreover, the enlargement will allow us to ascertain whether the individually named defendant has been properly served. If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the Detective Brown. Detective Brown must then decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York, et al., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending defendants' time to answer the complaint until July 14, 2008.

Thank you for your consideration in this regard.

*Granted.*
*[signature]*
*June 2, 2008*

Respectfully submitted,

[signature]

Johana Castro (JC 1809)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   BY FAX
      (845) 473-0428
      Thomas Gambino, Esq.
      Attorney for Plaintiff
      222 Church Street
      Poughkeepsie, NY 12601

2