UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOHN NG,

                            Plaintiff,

              -against-

THE CITY OF NEW YORK, NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION,
HARLEM HOSPITAL CENTER AND DETECTIVE
ALEXANDER BROWN, SHIELD #3009, IN HIS
INDIVIDUAL CAPACITY AND AS A POLICE
OFFICER FOR THE NEW YORK CITY HEALTH AND
HOSPITAL CORPORATION,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER**

08 CV 2045 (DLC)

JURY TRIAL DEMANDED

        Defendants[1] City of New York, New York City Health and Hospitals Corporation and Harlem Hospital Center, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

---

[1] On information and belief, the individual identified in the caption of the complaint as "Detective Alexander Brown" has not been served with the summons and complaint and, therefore, is not a defendant in this action at this time.

4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that the New York City Health and Hospitals Corporation ("HHC") is a public benefit corporation.

5.    Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation existing under the laws of the State of New York.

6.    Deny the allegations set forth in paragraph "6" of the complaint, except admit that Alexander Brown was employed by HHC as a Detective in on or about September 27, 2006 and that plaintiff purports to sue him as stated therein.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.    Deny the allegations set forth in paragraph "8" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about December 27, 2006.

9.    Deny the allegations set forth in paragraph "9" of the complaint, except admit that the purported claim has not been paid and that a 50-H hearing was held on or about March 22, 2007.

10.    Paragraph "10" of the complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

11.    Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff was arrested on or about September 27, 2006.

12.    Deny the allegations set forth in paragraph "12" of the complaint.

13.     Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff received a summons for Disorderly Conduct on or about September 27, 2006.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Deny the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's purported medical treatment.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     Deny the allegations set forth in paragraph "21" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding complaints plaintiff purports to have made.

22.     In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege paragraphs "1" through "21" of this answer as if fully set forth herein.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint and all of its subparts.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege paragraphs "1" through "25" of this answer as if fully set forth herein.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege paragraphs "1" through "32" of this answer as if fully set forth herein.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege paragraphs "1" through "35" of this answer as if fully set forth herein.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege paragraphs "1" through "38" of this answer as if fully set forth herein.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.    Deny the allegations set forth in paragraph "41" of the complaint.

42.    Deny the allegations set forth in paragraph "42" of the complaint.

43.    In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege paragraphs "1" through "42" of this answer as if fully set forth herein.

44.    Deny the allegations set forth in paragraph "44" of the complaint.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege paragraphs "1" through "46" of this answer as if fully set forth herein.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    Deny the allegations set forth in paragraph "49" of the complaint.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege paragraphs "1" through "50" of this answer as if fully set forth herein.

52.    Paragraph "52" of the complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.    Deny the allegations set forth in paragraph "54" of the complaint.

55.    In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege paragraphs "1" through "54" of this answer as if fully set forth herein.

56.    Deny the allegations set forth in paragraph "56" of the complaint.

57.    Deny the allegations set forth in paragraph "57" of the complaint.

58.    Deny the allegations set forth in paragraph "58" of the complaint.

59.    In response to the allegations set forth in paragraph "59" of the complaint, defendants repeat and reallege paragraphs "1" through "58" of this answer as if fully set forth herein.

60.    Deny the allegations set forth in paragraph "60" of the complaint.

61.    Deny the allegations set forth in paragraph "61" of the complaint.

62.    Deny the allegations set forth in paragraph "62" of the complaint.

63.    Deny the allegations set forth in paragraph "63" of the complaint.

64.    Deny the allegations set forth in paragraph "64" of the complaint.

65.    Paragraph "65" of the complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

66.    Deny the allegations set forth in paragraph "66" of the complaint.

67.    Deny the allegations set forth in paragraph "67" of the complaint.

68.    Deny the allegations set forth in paragraph "68" of the complaint.

69.    In response to the allegations set forth in paragraph "69" of the complaint, defendants repeat and reallege paragraphs "1" through "68" of this answer as if fully set forth herein.

70.    Deny the allegations set forth in paragraph "70" of the complaint.

71.    Deny the allegations set forth in paragraph "71" of the complaint.

72.    In response to the allegations set forth in paragraph "72" of the complaint, defendants repeat and reallege paragraphs "1" through "71" of this answer as if fully set forth herein.

73.    Deny the allegations set forth in paragraph "73" of the complaint, except admit that Alexander Brown was employed by HHC as a Detective in on or about September 27, 2006.

74.    Deny the allegations set forth in paragraph "74" of the complaint, except admit that Alexander Brown was employed by HHC as a Detective in on or about September 27, 2006.

75.    Deny the allegations set forth in paragraph "75" of the complaint.

76.    Deny the allegations set forth in paragraph "76" of the complaint.

77.    Deny the allegations set forth in paragraph "77" of the complaint.

78.    Deny the allegations set forth in paragraph "78" of the complaint.

79.    Deny the allegations set forth in paragraph "79" of the complaint.

80.    Deny the allegations set forth in paragraph "80" of the complaint.

81.    Deny the allegations set forth in paragraph "81" of the complaint.

82.    Deny the allegations set forth in paragraph "82" of the complaint.

83.    Deny the allegations set forth in paragraph "83" of the complaint.

84.    Deny the allegations set forth in paragraph "84" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

85.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

86.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

87.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

88.    There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

89.    Plaintiff provoked any incident.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

90.    Punitive damages cannot be recovered as against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

91.    At all times relevant to the incident, defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion.  As such, defendant City is entitled to governmental immunity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

92.    To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

93.     This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

94.     This action may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

95.     The New York City Health and Hospitals Corporation is a public benefit corporation, independent of the City of New York.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

96.     Harlem Hospital Center is a non-suable entity.

**WHEREFORE,** defendants City of New York, New York City Health and Hospitals Corporation and Harlem Hospital Center request judgment dismissing the Complaint, as against them with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            July 14, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
Attorney for Defendants City of New York, New
York City Health and Hospitals Corporation and
Harlem Hospital Center
100 Church Street
New York, New York 10007
(212) 788-0976

By:      _____

Johana Castro (JC 1809)
Assistant Corporation Counsel

To:    BY ECF & BY MAIL
       Thomas M. Gambino, Esq.
       Attorney for Plaintiff
       Law Office of Pat Bonanno & Associates, P.C.
       222 Church Street
       Poughkeepsie, NY 12601

- 10 -

Docket No. 08 CV 2045 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN NG,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION,
HARLEM HOSPITAL CENTER AND
DETECTIVE ALEXANDER BROWN, SHIELD
#3009, IN HIS INDIVIDUAL CAPACITY AND
AS A POLICE OFFICER FOR THE NEW YORK
CITY HEALTH AND HOSPITAL
CORPORATION,

                                        Defendants.

## ANSWER TO COMPLAINT

### *MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York, New York*
*City Health and Hospitals Corporation and Harlem*
*Hospital Center*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Johana Castro*
*Tel: (212) 788-0976*

*Due and timely service is hereby admitted.*

*New York, N.Y. .......................................... ,2008*

*.................................................................. Esq.*

*Attorney for ........................................................*