UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN NG,                                              Docket #: 08 CV 2045 (DLC)

                **Plaintiff,**

  --against–                                          PLAINTIFF'S FIRST DEMAND
                                                                                                        FOR INTERROGATORIES

THE CITY OF NEW YORK, NEW YORK
CITY HEALTH AND HOSPITALS
CORPORATION, HARLEM HOSPITAL
CENTER AND DETECTIVE ALEXANDER
BROWN, SHIELD # 3009, IN HIS
INDIVIDUAL CAPACITY AND AS A
POLICE OFFICER FOR THE NEW YORK
CITY HEALTH AND HOSPITAL
CORPORATION,

                **Defendants.**
------------------------------------------------------------------X

**S I R S:**

      **PLEASE TAKE NOTICE**, that the Plaintiff herein, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby demands that the Defendants answer the following interrogatories separately and fully, in writing and under oath and serve a copy of his answer upon the undersigned within thirty (30) days from the date of service hereof.

### INSTRUCTIONS AND DEFINITIONS

      The words "defendant" and "defendants" as used herein refer to the City of New York, New York City Health and Hospitals and any of its officers, agents and/or employees, and any other person(s) acting at the direction or on behalf of said parties and Detective Alexander Brown.

The word "document" is used broadly herein to refer to any handwritten, typewritten, printed, recorded, electronically transmitted, faxed, or e-mailed matter, including but not limited to correspondence, notes, memoranda, diaries, calendars, memoranda of telephone conversations, transcripts of telephone conversations, memo books, drawings, graphs, photographs, tape recordings and every other data compilation, including all forms of computer storage retrieval, or any other physical evidence in the possession or control of the Defendants or their attorneys. Provide the source, author, custodian and the location of each document.  Set forth a precise description of the contents of each document.

The answers to these interrogatories must include all information known to Defendants, their agents and employees, including their attorney(s), and all persons acting on their behalf or under their control.

If defendants do not possess information to answer any interrogatory, they are under a duty to make a reasonable effort to obtain such information.

If the answer to any interrogatory, or any subsection of any interrogatory, is unknown, so state and include the name and the address of any person, office, organization or agency that has or might have such information.

If any of these interrogatories cannot be answered in full, answer to the extent possible, specifying the reason for Defendants' inability to answer the remainder, and stating what information, knowledge or belief defendants have concerned the unanswered portion.

If the answer to an interrogatory is not presently known, Defendants should so state and, in addition, should respond to the interrogatory within twenty (20) days from the time the answer to the interrogatory becomes known.

These interrogatories are continuing in nature. If after answering the interrogatories defendants obtain or become aware of any further information responsive to these interrogatories, a supplementary interrogatory answer is required.

Unless otherwise specified, the information requested pursuant to each interrogatory relates to the time period from September 27, 2006 through present.

Where in response to an interrogatory, it is claimed that there is or was communications or notices which substantiates or relates to said response, state whether each such communication or notice was written or oral. If written, attach a true copy thereof to your answers. If oral, set forth the full substance thereof and the names of all persons present at the time each such communication took place.

Where in response to an interrogatory it is claimed that there was a policy or policies maintained by any of the parties, state whether the policy is oral or written. If written, attach a true copy thereof to your answers. If oral, state the date and place made, the names of the persons acting on behalf of the parties, all of the terms thereof, and the names of any and all persons present at the making thereof.

Where in response to an interrogatory it is claimed that there are transactions, facts, documents, events, or occurrences which support said response, state whether Defendant has knowledge of any documents which substantiate such supporting transactions, facts, documents, events or occurrences, and if there are such documents under your possession or control, annex true copies to your answer.

Where documents are said to exist but are not in defendant's possession or subject to his control, list and identify each such document by stating its date, if any, the persons to whom and

by whom it was written, the name and address of the person presently in possession of each such document, and the substance thereof.

## INTERROGATORIES

1. Have you read and do you understand the foregoing instructions?

2. Provide the name and address of the person responding to these interrogatories.

3. Did any officer, agent, employee or other person under the direction or control of any of the Defendants arrest Plaintiff on September 27, 2006? If yes, state the full legal name, shield number, identification number, rank, title, command and actual address of employment for each and every such person.

4. Did any officer, agent, employee or other person under the direction or control of any of the Defendants supervise the arrest Plaintiff on September 27, 2006? If yes, state the full legal name, shield number, identification number, rank, title, command and actual address of employment for each and every such person.

5. State the full legal name, shield number, identification number, rank, title, command and actual address of employment for each and every person under the control, direction, agency and/or employment of any of the Defendants assigned to Harlem Hospital Center on September 27, 2006 during the hours from eight o'clock a.m. through four o'clock p.m.

6. State the full legal name, shield number, identification number, rank, title, command and actual address of employment for each and every person under the control, direction, agency and/or employment any of the Defendants who supervised the individuals identified in Interrogatory number 5 above.

6. Do any of the Defendants maintain a policy or policies, written or oral, regarding arrest processing of prisoners? If yes, state said policy/policies. If said policy/policies is/are written, attach a copy to your response.

7. Do any of the Defendants maintain a policy or policies, written or oral, regarding law of arrest? If yes, state said policy/policies. If said policy/policies is/are written, attach a copy to your response.

8. Do any of the Defendants maintain a policy or policies, written or oral, regarding First Amendment rights? If yes, state said policy/policies. If said policy/policies is/are written, attach a copy to your response.

9. Do any of the Defendants maintain a policy or policies, written or oral, regarding search and seizure of prisoners? If yes, state said policy/policies. If said policy/policies is/are written, attach a copy to your response.

10. Do any of the Defendants maintain a policy or policies, written or oral, regarding the use of force pursuant to the arrest of prisoners? If yes, state said policy/policies. If said policy/policies is/are written, attach a copy to your response.

11. Was Detective Alexander Brown trained by Defendants in the subject area of use of force during the arrest of prisoners? If yes, state the dates such training as received by Detective Brown and attach copies of all documents and other training material provided to Detective Alexander Brown.

12.     Do any of the Defendants maintain a policy or policies, written or oral, regarding handcuffing of prisoners? If yes, state said policy/policies. If said policy/policies is/are written, attach a copy to your response.

Dated: Poughkeepsie, New York
       August 11, 2008

          Yours, etc.

          Law Office of Pat Bonanno & Associates, P.C.
          222 Church Street
          Poughkeepsie, NY 12601
          (845) 473-0427

          By:_____/s Thomas M. Gambino_____
          THOMAS M. GAMBINO (TG6332)

AFFIRMATION OF SERVICE BY MAIL

    I, Thomas M. Gambino, an attorney duly admitted to practice before the courts of this State, affirms under penalty of perjury that, on August 11, 2008, I served a copy of the within Demand for Interrogatories by depositing the same, enclosed in a first class postage paid properly addressed wrapper in an official depository under the exclusive care of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

    Corporation Counsel of the City of New York
    Attn: Johana V. Castro, Esq.
    100 Church Street
    New York, NY 10007

Dated:    Poughkeepsie, New York
           August 11, 2008

                                                    /s Thomas M. Gambino
                                              THOMAS M. GAMBINO, Esq.(TG6332)